UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


**DAMON PATTERSON**                                **CIVIL ACTION**

**VERSUS**                                         **NO. 06-7322**

**ORLEANS PARISH D.A. OFFICE, ET AL.**             **SECTION: "B"**


                       ORDER AND REASONS

   Before the Court are Petitioner's objection to and the Magistrate's Report and Recommendation. (Rec. Docs. 48 and 47.) For the following reasons, **IT IS ORDERED**, that the Magistrate's Report and Recommendation be adopted as the opinion of the Court, overruling Petitioner's objections and thereby **DISMISSING** this case.

   The Magistrate recommends that Petitioner's complaint asserting claims pursuant to 42 U.S.C. §1983 be dismissed with prejudice, either as legally frivolous and/or for failure to state a claim under 28 U.S.C. §1915(e)(2) or under *Heck*. He further recommends that Petitioner's motion for injunctive relief be denied. Additionally, he recommends that Sheriff Gusman's Motion for Judgment on the pleadings pursuant to Rule 12©, Rec. Doc. No. 39, be granted.

   Petitioner has not been tried on the pending state charges for possession of cocaine. Under §1983, Petitioner's claims of being falsely arrested and falsely imprisoned without probable cause, as

well as his claim that he was illegally searched must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not yet been reversed, expunged, invalidated, or called into question by a federal court's issuance of habeas corpus, is not cognizable under §1983. *Id.* at 486-87. *Heck* also applies to pre-conviction detainees as well. *Beck v. City of Muskogee*, 195 F.3d 553, 557 (10th Cir. 1999) (citing cases).[1] Petitioner's claims are connected to the validity of the drug possession charge against him, so any claims of false arrest, false imprisonment or illegal search in violation of §1983 are premature and must be dismissed, until such time that Petitioner is acquitted or, if he is convicted, his criminal conviction is set aside. The Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Although Petitioner's complaint is styled as a civil rights action under 42 U.S.C. §1983, he is challenging the validity of his confinement which is a habeas corpus claim. A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must

---

[1] *See also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (noting in passing that *Heck* prevents the accrual of §1983 claims that would necessarily imply the invalidity of future convictions on pending criminal charges).

pursue habeas corpus relief rather than civil rights relief under §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g en banc granted & opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds & opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)(citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). In the present case, Petitioner does not allege and there is no proof that he has exhausted his state court remedies in connection with the claims in this case. Because charges are still pending in state court, his claims seeking habeas corpus relief must be dismissed without prejudice to allow his state criminal trial to proceed, along with state court appellate and post-conviction remedies following criminal conviction, if any, before returning to this Court with a properly filed habeas corpus petition.

Petitioner's claim against Officer Kessel for excessive force must be dismissed because only de minimis physical injury is shown here.

Petitioner testified that he hit his head and shoulder, and scraped and bruised his leg when Officer Kessel pushed him into a police car. He also stated that Officer Kessel handcuffed him too

tightly but that another officer double-cuffed him to ease the pressure. "To succeed on an excessive force claim, [plaintiff] bears the burden of showing: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.' The injury must be more than de minimis and must be evaluated in the context in which the force as employed." *Anthony v. Martinez*, 185 Fed. Appx. 360, 2006 WL 1716549, at *1 (5th Cir. 2006) (quoting *Williams v. Bramer*, 180 F.3d 699, 703, *clarified*, 186 F.3d 633, 634 (5th Cir. 1999)). The minor injuries that Petitioner alleges, a temporarily bruised or scraped head, shoulder and leg, are like the plaintiff's bruised ear in *Siglar v. Hightower*, which was sore for about three days but which did not require medical treatment and caused no long-term damage. 112 F.3d 191,193 (5th Cir. 1999). The Fifth Circuit held that such an injury was not more than <u>de minimis</u> and could not support a constitutional violation for excessive force. *Id*. Forthermore, "'handcuffing too tightly, without more, does not amount to excessive force.'" *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)). Petitioner does not allege that he suffered any injury from the initial handcuffing, which apparently lasted briefly before another officer provided another set of handcuffs. Accordingly, the excessive force claim must be dismissed as legally frivolous or for failure to state a claim.

Regarding the malicious prosecution claim against the Orleans Parish District Attorney and Judge Bigelow, Petitioner cannot maintain such a claim under §1983 without specifically alleging a constitutional violation. *Anderson v. City of New Orleans*, No. 03-3010, 2004 WL 1396325, at *5-6 (E.D.La. June 16, 2004)(Duval, J.). However, he may persist in a freestanding due process claim under *Castellano v. Fragozo* for "visible" constitutional right violations arising out of trial. 352 F.3d 939, 960 (5th Cir. 2003). There is no indication that Petitioner made such claims, and his allegations of pretrial misconduct do not allege a violation of his due process rights. Accordingly, the claim of malicious prosecution under §1983 must be dismissed for failure to state a claim.

Additionally, the claims against Judge Bigelow are barred by absolute immunity. "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *accord Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Mays*, 97 F.3d at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Also, the Federal Courts

Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. The claims against Judge Bigelow are within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of judicial immunity bars suit for injunctive relief against Judge Bigelow. To the extent that Petitioner seeks declaratory relief against Judge Bigelow regarding the validity of his detention, that relief must be sought through petition for writ of habeas corpus and not under §1983, as was addressed above in this report. For these reasons, all claims against Judge Bigelow must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

The claims against D.A. Jordan are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under *Heck*, without prejudice to his ability to pursue relief in the appropriate habeas corpus petition, as was further addressed previously.

The complaint shows that constitutionally adequate medical attention was provided to Petitioner while incarcerated. Contentions that amount to a mere disagreement with the speed, quality or extent of medical treatment or even negligence do not

give rise to a §1983 claim.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)(active treatment of prisoner's serious medical condition, which ultimately resulted in death, does <u>not</u> constitute deliberate indifference, even if treatment was negligently administered); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (prisoner's disagreement with the type or timing of medical services provided cannot support a §1983 claim).  Therefore, Petitioner's complaints about his medical care at Angola advance a legally frivolous argument and fail to state a claim for relief under §1983.

Petitioner claims that Officer Kessel confiscated his cash, leg brace and car keys, did not report the majority of the cash and did not return the leg brace to him or the keys to the vehicle's owner. He also alleges that other items of personal property, including an egg crate mattress, which he was not allowed to bring when transferred to another prison facility, were seized or otherwise misappropriated by some defendants. Construed broadly, these allegations may constitute a complaint that Petitioner was deprived of property in violation of due process rights.  In general, Courts have ruled that a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation of due process rights if the state provides an adequate post-deprivation remedy.  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995)(citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v.*

*Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  The Fifth Circuit has recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984). Therefore, Petitioner has a state law remedy for the alleged negligent or intentional deprivation of his property.  Because no constitutional violation has been alleged, his complaint fails to state a cognizable §1983 claim, and his claim must be dismissed. Petitioner remains free to pursue his claim in state court.

Petitioner also alleges that he was placed in a disciplinary cell block without any disciplinary action or hearing, and held there for "almost 30 days." Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990).

Petitioner has requested in various written submissions that the court order his placement in protective custody.  The court treats these requests as motions for injunctive relief. A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if Petitioner establishes four essential elements: (1) a substantial likelihood

of success on the merits; (2) a substantial threat that Petitioner will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; and (4) that the injunction will not disserve the public interest. *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 264 (5th Cir. 1999). The requisite showing is "a substantial threat of irreparable injury if the injunction is not issued." *DSC Commc'ns Corp. v. OGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)(emphasis added). Applying the foregoing legal standards to the facts he alleges, Petitioner's written submissions and the record to date establish that he is not entitled to a temporary restraining order or preliminary injunction. Although the written submissions alleges that his "life is at risk" from Warden Cain and that Angola officials told him he would not "be so lucky" if he came back to Angola, Rec.Doc. No. 22 at p.4, and that "I know they will use extreme physical measures" when he refuses to go back to Angola, Rec. Doc. No. 27, at p.6, these wholly unsubstantiated allegations are the rankest form of speculation.  Petitioner has not established that any injury he may suffer in the future would be irreparable. Any cognizable injury that he may suffer as a result of defendants' alleged or anticipated actions may adequately be remedied through the ordinary judicial process without need for a preliminary injunction or temporary restraining order. It also cannot be concluded that the complaint presents "a substantial

likelihood of success on the merits." *DSC Commc'ns Corp.*, 81 F.3d at 600. Although the allegations must be accepted as true for the initial screening process required for such cases, 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998), the Court has done so and determined no such requirement applies to this request for injunctive relief.  Petitioner has not clearly alleged at this early stage of the proceedings that a violation of his clearly established constitutional rights has occurred. Moreover, because Petitioner seeks an injunction, injunctive relief interfering with the administration of prison functions by the court, without justification, would disserve the public interest.

   Sheriff Gusman filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) regarding the claims against him. Petitioner alleges that Sheriff Gusman is in charge of the computer system and that the prison computer system failed to reflect the correct charges against Petitioner until November 2006. Sheriff Gusman argues in his motion that Petitioner fails to state a claim because he does not allege that the Sheriff was personally involved in these actions. Petitioner makes no claim that Sheriff Gusman was personally involved in the incident on which Petitioner's claims are based. "There is no respondeat superior liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Thus, this defendant cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the person allegedly

responsible for Petitioner's injury, if any, was in his employ or under his supervision. *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983). To hold this defendant liable, Petitioner must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [Sheriff Gusman] . . . and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). In the instant action, Petitioner has failed to establish either of these two criteria. Accordingly, the claims urged against the district attorney's office and Sheriff Gusman are frivolous because they lack an arguable basis in law and fail to state a claim upon which relief can be granted.

**IT IS ORDERED** that the complaint asserting claims pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE**, as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2) and under *Heck*.

**IT IS FURTHER ORDERED** that the habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that Petitioner's motion for injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that Sheriff Gusman's Motion for Judgment on the Pleadings Pursuant to Rule 12(c), Rec. Doc. No. 39, be **GRANTED**.

New Orleans, Louisiana this 31st day of March, 2008.

UNITED STATES DISTRICT JUDGE